FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JUN 19 2019

JEFFREY P. COLWELL
CLERK

**United States District Court**
**District of Colorado**

|  |  |
|---|---|
| Brett Andrew; House of Nelson as an individual and on behalf of all other similarly situated. *Plaintiff* | Case Number:<br><br>-------------------------------------------------------- |
| vs | **CLASS ACTION CLAIM** |
| Daniel Austin Walzl, as a man, privately. *Defendant* | *Nationwide Class Representation*<br><br>*Jury Trial Requested* |
| PLAINTIFF ADDRESS<br>Brett Andrew; House of Nelson<br>PO Box 22<br>Mosca CO 81146<br>970.901.2017 |  |

COMES NOW Brett Andrew: House of Nelson, who is at all times mentioned in the following declarations and actions at law, one of the people of Colorado, an American citizen, having come of full age, having been found to be living, competent to give the testimony stated herein, (hereinafter "Plaintiff"), hereby files this class action claim, individually, and on behalf of all others similarly situated-and makes these allegations based on information and belief and/or which have evidentiary support against Defendant Daniel Austin Walzl states, under penalty of perjury, the following to wit:

Nelson v. Elias
Page 1 of 17

## INTRODUCTION

1. *Primary Claim: Fraud.* Defendant has committed a fraud on the People of Colorado and beyond by falsely claiming jurisdiction and authority as Alamosa County Court Judge after neglecting to qualify to the position where Defendant did not follow the protocol of law and Constitution to lawfully ascend to the position of "judge" and from outside the law attempted to dispense justice upon the People of Alamosa County and beyond from a vacant office.

2. *Secondary Claim: Deprivation of rights under the colour of authority.* From a position deemed "vacant" by the Colorado Constitution and Law Defendant acted under the colour of authority with no real authority and from the fraudulent position of authority administered the estates of the People, deprived the People of liberty and property and forced his will upon the People.

3. Plaintiff will prove through the Public Record of Alamosa County, applicable law and Constitutional parameters that Defendant neglected to qualify to the position of Alamosa County Judge yet defrauded the People by acting in said role while accepting public funds. While impersonating a judge Defendant worked in concert with with the Alamosa Sheriffs Department, Alamosa City Police and other agencies known to be armed with deadly weapons to coerce the People to succumb to the will and false authority of the Defendant through intimidation and threat *de armus* while depriving People of liberty and property under the colour of authority from a vacant office.

## VENUE

4.  This court has jurisdiction over the subject matter presented in this Claim because it is a class action arising under the Class Action Fairness Act of 2005 ("CAFA"), Pub. L. No. 109-2, 119 Stat. 4 (2005), which explicitly provides for the original jurisdiction of the Federal Courts of any class action in which the matter in controversy exceeds in the aggregate the sum of $$5,000,000.00, exclusive of interests and costs.

5.  Plaintiff alleges that the total claims of the individual members of the Plaintiff Class in this action are in excess of $$5,000,000.00 in the aggregate, exclusive of interest and costs, as required by 28 U.S.C. 1332(d)(2), (5). Plaintiff alleges that the total members of the proposed Plaintiff Class is greater than 100, pursuant to 28 U.S.C. 1332(d)(5)(B) and many will be citizens of a different State pursuant to 28 U.S.C.(d)(2)(B).

6.  Venue is proper pursuant to 28 U.S.C.1391(a) because Defendant operates in and may be found in this district and Plaintiff was subjected to Defendants fraud in this judicial district.

7.  Secondary Claim: This Court also has subject matter jurisdiction under 28 USC § 1331, on the basis of there being a federal question relating to 42 USC § 1983. See also *Bivens v. Six Unknown Narcotics Agents,* 403 U.S. 388 (1971).

## CLASS ACTION

8.  The members of the plaintiff Class are so numerous that the joinder of all members is impractical. While the majority of the Plaintiff class will reside in Alamosa County, Colorado there is the possibility for nationwide class. The Statewide Classes are sufficiently numerous. the Plaintiff Class has the possibility of being several

thousand. The plaintiff Class includes all persons, People, businesses and trusts anywhere in the country that have been adjudicated upon by the defendant from January 7, 2015 to current. This encompasses a broad range of cases from traffic to civil to criminal. Plaintiff alleges it would be impractical for the court to hear the numerous actions on the same matter.

9.  The question of law is consistent throughout the Plaintiff Class. Each member of the Plaintiff Class had the same fraud committed on them by the Defendant and each member of the Plaintiff Class was deprived their rights by Defendant acting under the colour of authority from a vacant office. The representative party's claims mirror the claims of all the Plaintiff Class.

10. The representative Party will fairly and adequately protect the interests of the Plaintiff Class, for the goal of the representative party is to set the precedent that a judge is bound by the letter of the law and Constitution.

11. Class certification is appropriate under Fed. R. Civ. P. 23(b)(2) because Defendant acted on grounds that apply generally to the Classes, so that final injunctive relief or corresponding declaratory relief is appropriate respecting classes as a whole.

12. Class Certification is appropriate under Fed. R. Civ. P 23(b)(3) because the question of law and fact common to the Classes predominate over any questions affecting only individual members of the Classes and because a class action is superior to other available methods for the fair and efficient adjudication of litigation.

## PARTIES

13. Plaintiff Representative, Brett Andrew is one of the people of Colorado, an American, having come of full age, having been found to be living, competent to give the testimony stated herein. Plaintiff was subject to Defendants fraud and deprivation of rights under the color of authority from a vacant office.

14. The Plaintiff Class is primarily in Alamosa County, Colorado but may extend beyond the boarders of the territory known as Colorado. The Plaintiff Class consists of any business, trust, person or People who was subjected to adjudication under Defendants false jurisdiction from January 7, 2015 to current.

15. Defendant is a citizen of Colorado and makes his home in Alamosa Colorado. Defendant claims employment in a privately held for profit corporation in Alamosa Colorado.

## FACTUAL ALLEGATIONS

16. The first term that Defendant was selected to occupy as Alamosa County Judge commenced January 7, 2015;

17. Defendant signed his oath and filed his oath January 13, 2015 as per Public record 358497 [Alamosa County], six days after the commencement of his term; (ATTACHMENT B).

18. Defendant was kept for a new term commencing January 7, 2019;

19. Defendant signed his oath on January 8, 2019 and filed his oath January 10, 2019, as per public record 372108 [Alamosa County] (ATTACHMENT C).

20. The public records are bereft of a federal oath filed by Defendant.

21. Article XII, Section 8 of the Colorado Constitution "Every civil officer, except members of the General Assembly and such inferior officers as may be by law

exempted, shall, <u>before</u> he enters upon the duties of his office, take and subscribe an oath or affirmation to support the Constitution of the United States and of the State of Colorado, and to faithfully perform the duties of the office upon which he shall be about to enter."

22. Article XII, Section 10 of the Colorado Constitution "If any person elected or appointed to any office shall refuse or neglect to qualify therein within the time prescribed by law, such office shall be deemed <u>vacant</u>."

23. The record of Secretary of State of Colorado is bereft of any bond filed by Defendant;

24. The public record of Alamosa County is bereft of any bond filed by Defendant.

25. "A person chosen to fill a term of office is not permitted to assume the duties of the office until he files a **bond** and oath of office, which must be done <u>before the commencement of the term</u>, or the office shall be deemed <u>vacant</u>. *People v Quimby*, 152 Colo. 231, 381 P.2d 275 (1963).

26. Defendant was noticed of the vacancy of his office and his failure to comply with law and Constitution to qualify to the position of "judge" on June 3, 2019 in a formal written objection filed into case Alamosa County case 17T775 in which he claimed authority as adjudicator;

27. On June 5, 2019, Defendant while acting in the role of "judge" entered an order in response to the aforementioned notice onto the record of 17T775 (ATTACHMENT "A");

28. Within the order Defendant stated he had taken the action of "REVIEWED" in regards to the facts and evidence presented to the court that the defendant did not qualify to the office and the office of Alamosa County Judge is vacant.

29. The response filed by Defendant is bereft of any denial of the facts presented regarding Defendants failure to timely file an oath and bond to qualify to the office;

30. The response filed by Defendant is bereft of any findings of the "REVIEWED" action taken by Defendant.

## FIRST CAUSE OF ACTION; FRAUD

31. The foregoing paragraphs are included herein as though set forth fully.

32. Article XII, Section 8 of the Colorado Constitution "Every civil officer, except members of the General Assembly and such inferior officers as may be by law exempted, shall, **before** he enters upon the duties of his office, take and subscribe an oath or affirmation to support the Constitution of the United States and of the State of Colorado, and to faithfully perform the duties of the office upon which he shall be about to enter."[Emphasis added]

33. Article XII, Section 10 of the Colorado Constitution "If any person elected or appointed to any office shall refuse or neglect to qualify therein within the time prescribed by law, such office shall be deemed vacant." [Emphasis added]

34. "A person chosen to fill a term of office is not permitted to assume the duties of the office until he files a **bond** and oath of office, which **must** be done before the

commencement of the term, or the office shall be deemed vacant. *People v Quimby*, 152 Colo. 231, 381 P.2d 275 (1963).[Emphasis added]

35.   The public record  358497 [Alamosa County] , filed January 13, 2015 (ATACHMENT B), and public record 372108 [Alamosa County] (ATTACHMENT C) guarantee by binding oath that Defendant will obey Article XII, Section 8 of the Colorado Constitution and is limited by Article XII, Section 10.

36.   The first term that Defendant was selected to occupy as Alamosa County Judge began January 7, 2015; Defendant signed his oath and filed his oath January 13, 2015 as per Public record 358497 [Alamosa County], six days after the commencement of his term. Defendant was kept for a new term which began January 7, 2019; Defendant signed his oath on January 8, 2019 and filed his oath January 10, 2019 as per public record 372108 [Alamosa County]. The public record is bereft of a federal oath filed by Defendant. The record of Secretary of State is bereft of any bond filed by Defendant. The public record of Alamosa County is bereft of any bond filed by Defendant. Defendant did not file any oath or bond before the commencement of his terms.

37.   The public record reveals Defendant made a binding oath to the People of Colorado to uphold and obey the Colorado Constitution and immediately acted in excess of said oath to office by not comporting with Article XII, Section 8 of the Colorado Constitution.

38.   Defendant has been acting under the colour of authority in the vacant office of Alamosa County Judge where he outlawed himself by neglecting to qualify to the position (Public record 358497 [Alamosa County] and  public record 372108 [Alamosa County]) as required by Colorado Constitution Article XII, Section 8 which states: "*Every* civil officer, except members of the General Assembly and such

inferior officers as may be by law exempted, shall, ***before*** he enters upon the duties of his office, take and subscribe an oath or affirmation to support the Constitution of the United States and of the State of Colorado, and to faithfully perform the duties of the office upon which he shall be about to enter." Article XII, Section 10 of the Colorado Constitution states "If any person elected or appointed to any office shall refuse or neglect to qualify therein within the **time prescribed by law**, such office shall be deemed **vacant**." the "time prescribed by law" as mandated in Colo. Const. Article XII section 10 is made clear that the oath and bond "must" be filed "before the commencement of the term" pursuant to *People v Quimby*, 152 Colo. 231, 381 P.2d 275 (1963) "A person chosen to fill a term of office is not permitted to assume the duties of the office until he files a <u>bond</u> and oath of office, which **must** be done **before the commencement** of the term, or the office shall be deemed <u>vacant</u>." The public record is indisputable evidence that Defendant, whose term commenced January 7, 2011 and 2019,did not file an oath before the commencement of his term and therby did not qualify in the time mandated by the Colorado Constitution as interpreted by the Colorado Supreme Court.

39.   On June 3, 2019, Defendant was noticed on the record of the de facto court 17T775 that the office of Alamosa County Judge was vacant and Defendant was not qualified as a judge and thereby lacked all authority and jurisdiction that a position of judgeship holds. Defendant was noticed that he had outlawed hmself and was attempting to adjudicate from outside the law. Defendant took action upon a formal objection and "reviewed" the facts on June 5, 2019, but provided no findings of said review and did not deny the facts nor the alleged fraud (See the Doctrine of Acquiescence as well as the Maxim in law "He who does not deny, agrees"- *Trayner, Maxim 503).* The action taken by Defendant from a vacant office while impersonating a judge was "REVIEWED," a vague and ambiguous action that fostered no facts, law nor evidence to contradict the evidence, fact and law used to make the assertion that Defendant did not lawfully qualify to the position of judge

and the office of Alamosa County Judge is vacant. Defendants acquiescence to the
facts is now entered as evidence here on the record of this court by ATTACHMENT
A.

40. Further, Defendant, does not have a bond that can be located on any public record. It
is not filed with the secretary of State nor on the public record in Alamosa County.
While the legislators may have passed the "Risk Management Act" in statute to
protect the for profit revenue generating courts, the Supreme Court of Colorado
created law requiring Defendant to have a bond filed before the commencement of
his term (*People v Quimby*, 152 Colo. 231, 381 P.2d 275 (1963)). Defendant agreed
by oath to obey the laws that interpret the Colorado Constitution, yet he neglected to
file a bond in accordance with law. No provision of Colorado Law states that an act
of legislation and/or statute can supersede Colorado Supreme Court law. By
Colorado Supreme Court Law, Defendant failed to qualify to the position of judge
and the office of Alamosa County Court Judge is vacant.

41. With no evidence nor argument that the office of Alamosa County Judge is not
vacant pursuant to Colorado Constitution Article XII, Section 10 and with no
evidence or argument that the defendant is a judge who qualified to the position
pursuant to Colorado Constitution Article XII, Section 8 the defendant has carried
on his agenda, accepted public funds and has knowingly carried on adjudicating in
Alamosa County Colorado under the colour of authority from the vacant office.
Within the courtroom the Alamosa County Sheriffs office supports the actions of the
Defendant by threat *de armus,* coercing the People to obey the will and false
authority of the vacant office. Defendant has defrauded the People into succumbing
to his will under false authority with threat *de armus* while accepting public funds.

## SECOND CLAIM OF ACTION; DEPRIVATION OF RIGHTS UNDER THE COLOUR OF AUTHORITY

42. Plaintiff re-alleges and incorporates by reference the allegations set forth in each of the proceeding paragraphs of this Claim.

43. Plaintiff herein asserts the fact that the office of Alamosa County Judge is VACANT pursuant to Art. XII section 10 of the Colorado Const. and *Qumby*.

44. Plaintiff herein asserts the fact that Defendant did not qualify to the position of judge in accordance with Colorado Const. Art. XII section 8 and *Quimby*.

45. Plaintiff herein asserts the fact that Defendant has acquiesced to the fact that the office of Alamosa County Judge is vacant;

46. Plaintiff herein asserts the fact that Defendant has acquiesced to the fact that he did not qualify to the position of judge pursuant to Colo. Const. Art. XII sec. 8 and *Quimby*.

47. A vacant office can hold no authority nor jurisdiction over the People. Igorantia legis neminem  excusat; Defendant is aware of the law and the procedure required to ascend to the position of "judge" but Defendant chose not to adhere to the Colorado Constitution and law by following the very simple procedure. Yet Defendant has claimed all authority and power as if he had qualified to the position of Alamosa County Judge. Defendant has claimed false authority in a vacant office where he has adjudicated over the People, causing harm to the well being of the People while depriving the People of liberty and property.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff on behalf of himself and all others similarly situated, prays for relief pursuant to each cause of action set forth in this Claim as follows:

48. For an order certifying that the action may be maintained as a class action, certifying Plaintiff as the representative of the Class.

49. For an award of equitable relief as follows:

50. Enjoining the Defendant from acts in retaliation or acts under colour of authority against Plaintiff or any of the People;

51. For reasonable attorney's fees;

52. For an award of costs;

53. For damages to be determined at trial but no less than the minimum required amount pursuant to 28 U.S.C. 1332(d)(2), (5);

54. For any other relief this court may find appropriate or proper;

55. For pre-and post-judgment interest on any amount awarded.

## JURY DEMAND

56. Plaintiff herein demands a trial by jury on all issues triable.

## ARBITRATION CLAUSE

57. It is exigent and of consequence for the Undersigned to inform Defendant and the officers of this court that it is hereby agreed that upon the adverse action of denial of remedy or any adverse action, all parties including but not limited to Defendant and all officers of this court agree to remedy by arbitration by an arbitration company selected by Brett Andrew. Plaintiff, while serving the interest of the Plaintiff Class retains the right in accordance with the Federal Arbitration Act to, at any time after filing of this case, seek arbitration by an arbitrator selected by the Plaintiff.

### Verification

Plaintiff has personal knowledge of the above-stated facts and is competent to testify as to the truth of these facts if called as a witness. Plaintiff declares under penalty of perjury under the laws of the United States of America, and the common law that the forgoing is true and correct, and that all the above actions at law and every declaration contained herein are executed on the land in the non commercial county of Alamosa, Republic of Colorado, on the sixteenth day of June in the Year Two Thousand and Nineteen.

Brett Andrew: House of Nelson
One of the people of Colorado
Estate dignitary –
Plaintiff

Teste meipso:  Brett Andrew: House of Nelson,
sovereign of the court, holder of the
seal of this court, with said seal thereof,
hereunto affixed, attested by his own hand,
who stands upon the land, Republic of Colorado this

16 Day of June in the Year Two Thousand Nineteen.

Brett Andrew: House of Nelson

One of the people of Colorado

Estate dignitary. Plaintiff



ATTACHMENT L    *372108*    372108    1:10/2019 8:34 AM    Melissa Woodward    1 of 1    RPT:00.00 $0.00    Alamosa City Clerk

OATH OF OFFICE

STATE OF COLORADO
COUNTY OF ALAMOSA

I, DANIEL A. WALZL, DO SOLEMNLY SWEAR BY THE EVER LIVING GOD, THAT I WILL SUPPORT THE CONSTITUTION OF THE UNITED STATES AND OF THE STATE OF COLORADO, AND FAITHFULLY PERFORM THE DUTIES OF THE OFFICE OF COUNTY JUDGE OF ALAMOSA COUNTY, TWELFTH JUDICIAL DISTRICT, STATE OF COLORADO, UPON WHICH I AM ABOUT TO ENTER.

_____
Daniel A. Walzl

SUBSCRIBED AND SWORN TO BEFORE ME THIS 8TH DAY OF JANUARY, 2019.

_____
Michael A. Gonzales
District Judge
Twelfth Judicial District

ATTACHMENT B



## OATH OF OFFICE

STATE OF COLORADO
COUNTY OF ALAMOSA

I, DANIEL A. WALZL, DO SOLEMNLY SWEAR BY THE EVER
LIVING GOD, THAT I WILL SUPPORT THE CONSTITUTION OF
THE UNITED STATES AND OF THE STATE OF COLORADO, AND
FAITHFULLY PERFORM THE DUTIES OF THE OFFICE OF
COUNTY JUDGE OF ALAMOSA COUNTY, TWELFTH JUDICIAL
DISTRICT, STATE OF COLORADO, UPON WHICH I AM ABOUT
TO ENTER.

_____
Daniel A. Walzl

SUBSCRIBED AND SWORN TO BEFORE ME THIS 13TH DAY OF
JANUARY, 2015

_____
Michael A. Gonzales
District Judge
Twelfth Judicial District

200 E. Virginia

Gunnison, Colorado 81101

State

      **Plaintiff,**

v.

**BRETT A NELSON,**                               **17T775**

      **Respondent**

COMES NOW Brett Andrew, executor of the res Defendant, one of the People of Colorado and files this FORMAL WRITTEN OBJECTION onto the record of this Inferior Court not of record and onto the public record, the Court of the Public, of Alamosa County to formally recognize and object to felony and fraud on the record of 17T775 perpetrated by the Daniel Austin Walzl while operating under the colour of authority and states, under penalty of perjury, the following to wit:

**<u>Facts of the record</u>:**

1. The first term that Daniel Austin Walzl was selected to occupy as Alamosa County Judge began January 7, 2015;

2. Daniel Austin Walzl signed his oath and filed his oath January 13, 2015 as per Public record 358497 [Alamosa County], six days after the commencement of his term;.

3.  Daniel Austin Walzl was kept for a new term began January 7, 2019;

4.  Daniel Austin Walzl signed his oath on January 8, 2019 and filed his oath January 10, 2019 as per public record 372108 [Alamosa County].

5.  The public record is bereft of a federal oath filed by Daniel Austin Walzl.

6.  Article XII, Section 8 of the Colorado Constitution "Every civil officer, except members of the General Assembly and such inferior officers as may be by law exempted, shall, before he enters upon the duties of his office, take and subscribe an oath or affirmation to support the Constitution of the United States and of the State of Colorado, and to faithfully perform the duties of the office upon which he shall be about to enter."

7.  Article XII, Section 10 of the Colorado Constitution "If any person elected or appointed to any office shall refuse or neglect to qualify therein within the time prescribed by law, such office shall be deemed vacant."

8.  The record of Secretary of State is bereft of any bond filed by Daniel Austin Walzl;

9.  The public record of Alamosa County is bereft of any bond filed by Daniel Austin Walzl.

10. "A person chosen to fill a term of office is not permitted to assume the duties of the office until he files a **bond** and oath of office, which must be done before the commencement of the term, or the office shall be deemed vacant.

People v Quimby, 152 Colo. 231, 381 P.2d 275 (1963).

11. The record of 17T775 reveals that on May 23, 2019 Daniel Austin Walzl was noticed of the vacancy of his office in a motion to show cause;

12. The record reveals Daniel Austin Walzl made return to the notice where he accepted the objection on to the record as evidence and did not deny the fact that he did not qualify to the position as required by Colorado Law and the Colorado Constitution.

## Formal Objection:

13. Daniel Walzl has committed a fraud on the court and defrauded the People of Colorado by claiming authority as a judge and acting in the role of County Judge after neglecting to qualify to the position (Public record 358497 [Alamosa County] and public record 372108 [Alamosa County]) as required by Colorado Constitution Article XII, Section 8 which states: "*Every* civil officer, except members of the General Assembly and such inferior officers as may be by law exempted, shall, ***before*** he enters upon the duties of his office, take and subscribe an oath or affirmation to support the Constitution of the United States and of the State of Colorado, and to faithfully perform the duties of the office upon which he shall be about to enter;" which is followed by Article XII, Section 10 of the Colorado Constitution stating "If any person elected or appointed to any office shall refuse or neglect to qualify therein within the **time prescribed by law**, such office shall be deemed **vacant**." This is further supported by *People v Quimby*, 152 Colo. 231, 381 P.2d 275 (1963) "A person chosen to fill a term of office is not permitted to assume the duties of the office until he files a <u>bond</u> and oath of office, which <u>must</u> be

done **before** the **commencement** of the term, or the office shall be deemed vacant." Daniel Austin Walzl, whose term commenced January 7, 2011 and 2019,did not file his oath before the commencement of his term and therby did not qualify in the time mandated by the Colorado Constitution as interpreted by the Colorado Supreme Court. On May 23, 2018 Daniel Walzl and the court were noticed of the issue on the record of the de facto court 17T775 wherein Daniel Walzl submitted a reply on May 28, 2019 with no denial of the facts (See the Doctrine of Acquiescence as well as the Maxim in law "He who does not deny, agrees"- *Trayner, Maxim 503)*

14. Further, Daniel Austin Walzl, does not have a bond that can be located on any public record. It is not filed with the secretary of State nor on the public record in Alamosa County. While the legislators may have passed the Risk Management Act in statute to protect the for profit revenue generating courts, the Supreme Court of Colorado created law requiring Daniel Austin Walzl to have a bond filed before the commencement of his term (*People v Quimby*, 152 Colo. 231, 381 P.2d 275 (1963)). No provision of Colorado Law states that an act of legislation and/or statute can supersede Colorado Supreme Court law. By Colorado Supreme Court Law, Daniel Walzl failed to qualify as a judge and his position is vacant.

15. "Vacant" cannot make orders nor hold any authority. The vacant position has been collecting public funds reserved for the Alamosa County Judge. Daniel Austin Walzl has defrauded the People of money and has acted criminally pursuant to CRS 18-5-113.

This 3rd day of June, 2019



... _____ _____ ...

Brett Andrew; House of Nelson

.

| COUNTY COURT, ALAMOSA COUNTY, COLORADO | |
|---|---|
| Court Address:<br>8955 Independence Way, Alamosa, CO, 81101 | DATE FILED: June 5, 2019 8:02 AM |
| **The People of the State of Colorado v.** BRETT A NELSON | |
| | △ **COURT USE ONLY** △ |
| | Case Number: 2017T775 |
| | Division: B          Courtroom: |
| **Order: Formal Written Objection** | |

The motion/proposed order attached hereto: REVIEWED.

Mr. Nelson's objection is noted.

Thank you.

Issue Date: 6/5/2019

DANIEL AUSTIN WALZL
County Court Judge

JS 44 (Rev 06/17)   District of Colorado Form

# COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a) PLAINTIFFS Civil Action | DEFENDANTS |
|---|---|
| Brett Andrew: Hou Nelson | Daniel Austin Walzl |

**(b)** County of Residence of First Listed Plaintiff  **Alamosa County**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE.   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED
Alamosa County

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1  U.S. Government Plaintiff

'X 3  Federal Question
*(U.S. Government Not a Party)*

☐ 2  U.S. Government Defendant

' 4  Diversity
*(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "x" in One Box for Plaintiff*
*(For Diversity Cases Only)*                    *and One Box for Defendant)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | 'X 1 | 'X 1 | Incorporated *or* Principal Place of Business In This State | ' 4 | ' 4 |
| Citizen of Another State | ' 2 | ' 2 | Incorporated *and* Principal Place of Business In Another State | ' 5 | ' 5 |
| Citizen or Subject of a Foreign Country | ' 3 | ' 3 | Foreign Nation XPlaintiff is American, not US Citizen | ' 6 | ' 6 |

## IV. NATURE OF SUIT *(Place an "x" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | | | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | | | ☐ 423 Withdrawal 28 USC 157 | ' 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | | | | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| | **PERSONAL INJURY** | ☐ 690 Other | | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ' 310 Airplane  ☐ 365 Personal Injury - Product Liability | | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted | ' 315 Airplane Product Liability  ☐ 367 Health Care/ Pharmaceutical Personal Injury | | ☐ 830 Patent ☐ 835 Patent - Abbreviated New Drug Application | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ## V. ORIGIN *(Place an "X" in One Box Only)*  Loans | ' 320 Assault, Libel & Slander ' 330 Federal Employers' | Product | ☐ 840 Trademark | ☐ 480 Consumer Credit ☐ 490 Cable/Sat TV |
| 'X Original Proceeding | Liability | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from Another District *(specify)* | ☐ 6 Multidistrict Litigation - Transfer | **SOCIAL SECURITY** ☐ 8 Multidistrict Litigation - Direct File | ☐ 850 Securities/Commodities |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ' 340 Marine  ☐ 368 Asbestos Personal Injury Product Liability | ☐ 710 Fair Labor Standards Act ☐ 720 Labor/Management Relations ☐ 740 Railway Labor Act | ' 861 HIA (1395ff) ☐ 862 Black Lung (923) | ☐ 890 Other Statutory Actions ☐ 891 Agricultural Acts |
| ☐ 160 Stockholders' Suits | ' 345 Marine Product Liability | **PERSONAL PROPERTY** ☐ 751 Family and Medical | ' 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| ☐ 190 Other Contract | ' 350 Motor Vehicle  ☐ 370 Other Fraud ' 355 Motor Vehicle  ☐ 371 Truth in Lending | ☐ 790 Other Labor Litigation ☐ 791 Employee Retirement Income Security Act | ☐ 864 SSID Title XVI | ☐ 895 Freedom of Information Act |
| ☐ 195 Contract Product Liability | Product Liability  ☐ 380 Other Personal ' 360 Other Personal  Property Damage Injury | **IF ANY** | ' 865 RSI (405(g)) | ☐ 896 Arbitration ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 196 Franchise | ' 362 Personal Injury - Product Liability  ☐ 385 Property Damage Medical Malpractice | JUDGE    SIGNATURE OF ATTORNEY OF RECORD | DOCKET NUMBER | ☐ 950 Constitutionality of State Statutes |

| REAL PROPERTY | CIVIL RIGHTS | PRISONER PETITIONS | | FEDERAL TAX SUITS |
|---|---|---|---|---|
| ☐ 210 Land Condemnation | 'X 440 Other Civil Rights | ☐ Habeas Corpus: | APPLYING IFP    JUDGE | ☐ 870 Taxes (U.S. MAG. JUDGE |

| | | | IMMIGRATION | | Plaintiff or Defendant) |
|---|---|---|---|---|---|
| ❒ 220 Foreclosure | ❒ 441 Voting | 463 Alien ❒Detainee | | | |
| ❒ 230 Rent Lease & Ejectment | ❒ 442 Employment | ❒510 Motions to Vacate Sentence | ❒ 462 Naturalization Application | | ❒ 871 IRS—Third Party |
| ❒ 240 Torts to Land | ❒ 443 Housing/ Accommodations | ❒530 | ❒ 465 Other Immigration Actions | | 26 USC 7609 |
| ❒ 245 Tort Product Liability | ❒ 445 Amer. w/Disabilities - Employment | ❒Gene ❒ral 535 Deat h Pena lty | | | |
| ❒ 290 All Other Real Property | ❒ 446 Amer. w/Disabilities - Other | Othe r: 540 Mandamus & Other 550 Civil Rights 555 Prison Condition 560 Civil Detainee - Conditons of Confinement | | | |
| | ❒ 448 Education | | | | |

| **VI. CAUSE OF ACTION** | Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*: |
|---|---|
| | Brief description of cause: Fraud, & 42 USC ☐ 42 1983-Acting under the colour of authority without qualifying to the position.          AP Docket |

| **VII. REQUESTED IN COMPLAINT:** | X CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P. | **DEMAND $ over 5,000,000.00 (jury decision)** | CHECK YES only if demanded in complaint: **JURY DEMAND:** X' Yes ' No |
|---|---|---|---|

**VIII. RELATED CASE(S)**

**Date and Attorney Signature.** Date and sign the civil cover sheet.